## GEORGE HILL *versus* DAVID PADDOCK and GIDEON O. WHITTEMORE
### January 23, 1841.

· John P. Richardson, attorney for plaintiff.
William Draper, attorney for defendants.

[INDORSEMENT]

Sup. Court. Pontiac
Jan.ʸ 1841

Hill
vs.
Paddock et al

*Mem° of opinion*
*Same term—*

[OPINION]

George Hill
vs.
David Paddock &
Gid. O. Whittemore

On a question of law reserved & certified to this Court by the Pres. Judge of the Circuit for the County of Oakland.

The action below was assumpsit on a promissory note, drawn in the following manner

"One year from date for value rec$^d$ we jointly and severally [promise] to pay George Hill or bearer four hundred dollars & interest.

Pontiac Feb$^y$ 11, 1837

Signed D. Paddock

G. O. Whittemore

At 12 per cent int

D.P."

The Plff declared upon the note without noticing the mem° at the foot of the note.

On the Trial the Plff proved the execution of the note by the Defts, and offered the same in evid. in support of his said action. To this the Defts Att$^y$ objected on the ground of variance between the note offered in evid. and that described & set forth in Plffs declaration, in this, that the mem° at the bottom of the note offered in evid. formed a part of the note, and that it was therefore materially variant from that described in the declaration.

This objection was overruled by the Circuit Court, and the note was given in evid. A verdict found thereon for the Plff.

The Defts moved the Circuit Court for a new trial, and as a reason in support of their motion insisted that the Circuit Court erred in permitting the note to go to the jury. And the question now is whether there was a material variance.

On the part of the Defts it [was] urged that there was a variance, because the mem° formed a part of the note, and should therefore have been declared on—and that having omitted to declare on the note according to the terms of the note itself, there is a misdescription of the note in the declaration.

On the part of the Plff it is insisted that the mem° upon the note is unmeaning or insensible in the absence of any evid. explanatory of its meaning. that neither the Circuit Court nor this Court can undertake to affix a meaning to the mem° for the purpose of affecting the plain and manifest terms of the note—

1. Can the Court in the absence of all evid. intend or presume that the letters D. P. mean David Paddock one of the makers of the note? or

2. that the mem° was made at the time of the execution of the note by the Defts—?

This Court certainly cannot, in the absence of proof, affix any meaning to the letters D. P. nor can they say that the mem° was made at the time of making the note, or was a part of the contract. We cannot therefore regard it as a substantive part of the note.

What affect might be given to this mem° upon the assess\text{t} of dam\text{s}, whether the Plff producing the note with this mem° upon it would not be bound by it—and thereby bring himself within the penal stat., giving a forfeiture where usury has been reserved it is not necessary now to determine—

We are of the opinion that the objection was properly overruled—certified accordingly—